

**RAINES FELDMAN LITTRELL LLP**
824 N Market Street Suite 805
Wilmington, Delaware 19801
Main: 302.772.5803

www.raineslaw.com

October 21, 2025

**VIA CM/ECF**
The Honorable Laurie Selber Silverstein
United States Bankruptcy Judge
United States Bankruptcy Court for the District of Delaware
824 N. Market Street, 6th Floor
Wilmington, DE  19801

   Re: ***In re CT Gardens, LLC***, **Case No. 25-11661 (LSS)**

Your Honor:

We represent Rinnovo Management LLC in its capacity as assignee (the "**Assignee**") for the benefit of creditors of CT Gardens LLC (the "**Assignor**").  The Assignee states as follows in response to the letter dated October 17, 2025, sent by Arrett Sales Corporation, BFG Supply Co., LLC, and Bradley Caldwell, Inc. (collectively, the "**Petitioning Creditors**").

"'A stay is proper where the likelihood that such motion may result in a narrowing or an outright elimination of discovery outweighs the likely harm to be produced by the delay.'"  *19th St. Baptist Church v. St. Peter's Episcopal Church*, 190 F.R.D. 345, 349 (E.D. Pa. 2000) (quoting *Weisman v. Mediq, Inc.*, 1995 WL 273678, *2 (E.D. Pa. 1995)).  Recently, in this District, the Court granted a stay of discovery where, among other things, pending motions could result in claims being dismissed "*in toto*".  *FTX Recovery Trust v. Meerun*, 669 B.R. 575, 577 (Bankr. D. Del. 2025).  If granted, the *Assignee's Motion to Abstain or Dismiss and for Damages* [D.I. 8] (the "**Motion to Dismiss**") will result in the dismissal of this entire proceeding.  Moreover, resolution of the Motion to Dismiss does not require factual discovery – much less the oppressively burdensome and overly broad requests sent by the Petitioning Creditors.  The Petitioning Creditors liken their discovery requests to the scope of a committee's investigation at the beginning of a chapter 11 case – but this is a much different situation.  The Petitioning Creditors seek to commence a chapter 7 case.  Moreover, the Assignor ceased all business operations months ago and the assignment estate, accordingly, has a finite amount of funds.

The assignment estate's funds should not be spent on expensive burdensome discovery pending a ruling on the Motion to Dismiss.  However, to the extent that the Court is otherwise inclined, the Petitioning Creditors' requests should be severely pared down.  Discovery requests seeking "any and all" documents are patently objectionable as overly broad and unduly burdensome.  *Morales v. Sunpath Ltd.*, 2024 WL 1198054, *6 (D. Del. Mar. 20, 2024); *Alabi v. Rollins*, 2025 WL 2784970, *14 (D.N.M. Sept. 30, 2025); *N.U. v. Wal-Mart Stores, Inc.*, 2016 WL 6585586, *4 (D. Kan. Mar. 15, 2016).  Almost every one of the Petitioning Creditors' discovery requests is overly broad and unduly burdensome; they were not drafted with any precision or thought of limiting burden, expense or scope.  *See* Petitioning Creditors' Letter at Exhibit A.

Finally, it bears mention that the Petitioning Creditors appear to believe that they serve their objectives by negatively spinning certain facts, such as the scheduling of a teleconference, the timing of the filing of the ABC proceeding, and allegedly "artful" wording to "disguise" Mr. Stewart's former roles with the Assignor.[1] Worst of all, the Petitioning Creditors incorrectly allege – without any good faith basis in fact or law – that the Assignee is unfit to serve as a fiduciary because he is "trying to protect" a particular creditor and is "running" the clock to defeat a meaningful process. Such allegations should have at least *some* good faith basis in fact or law to merit expensive and time-consuming discovery before a ruling on the Motion to Dismiss.[2]

Respectfully submitted,

/s/ *Mark W. Eckard*

Mark W. Eckard, Esquire
Counsel to the Assignee

---

[1] *But see* Motion to Dismiss at ¶ 8 ("From January 30, 2020, to April 12, 2020, Assignee, through Mr. Stewart, was engaged by the Alleged Debtor to serve as its Interim Chief Executive Officer ("CEO").") and ¶ 9 ("From May 12, 2025, until July 1, 2025, Assignee, again through Mr. Stewart, served as an outside financial advisor to the Alleged Debtor.").

[2] The Petitioning Creditors inappropriately use their letter to substantively respond to the Motion to Dismiss. They argue that they cannot assert an equitable subordination claim in Chancery Court because such claims exclusively derive from the Bankruptcy Court's inherent equitable power. *But* s*ee, e.g.*, *GB-SP Holdings, LLC v. Walker*, 2024 WL 4799490, *51 (Del. Ch. Nov. 15, 2024) (directing equitable subordination of certain creditors' claims in connection with ABC proceedings where assignor "no longer has any operating business"); *In re Dura Medic Holdings, Inc. Consol. Litig.*, 331 A.3d 796, 830 (Del. Ch. 2025) ("'Equitable subordination is a doctrine that, based on a creditor's inequitable conduct and its effect on other creditors, allows that creditor's debt to be subordinated to other claims in bankruptcy or allows the creditor's liens to be transferred to the bankruptcy estate.' **That is an appropriate remedy here.**") (emphasis added) (quoting *Grassi Fund Admin. Servs., Inc. v. Crederian, LLC*, 2022 WL 1043626, at *4 n.43 (Del. Ch. Apr. 7, 2022) (quoting *Nelson v. Emerson*, 2008 WL 1961150, at *4 n.13 (Del. Ch. May 6, 2008)). The Petitioning Creditors incorrectly state that avoidance actions cannot be heard in Chancery Court because Delaware law does not include avoidance powers. *But see, e.g.*, 6 *Del. C.* § 1301, *et seq.* (Delaware Fraudulent Conveyances Act); *Geyer v. Ingersoll Publications Co.*, 621 A.2d 784, 785 (Del. Ch. 1992) (denying motion to dismiss claims for, among other things, fraudulent conveyances and breaches of fiduciary duties "**because [the Court] finds that they state a claim for which [the Court] can grant relief**.") (emphasis added). The Petitioning Creditors also incorrectly state that the Assignee has conceded the elements of section 303 of the Bankruptcy Code because it filed the Motion to Dismiss without contesting the allegations of the involuntary petition. *But see* Fed. R. Bankr. P. 1011(c) and Fed. R. Civ. P. 12(a)(4).